### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ALBERTIS SANDERS, # K-75926, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 14-cv-01296-MJR |
| | ) | |
| KEVIN CHILDERS | ) | |
| and SALVADOR GODINEZ, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Albertis Sanders, an inmate who is currently incarcerated at Centralia Correctional Center ("Centralia"), brings this civil rights action pursuant to 42 U.S.C. § 1983 against his eye doctor at Centralia, Kevin Childers, and the Director of the Illinois Department of Corrections, Salvador Godinez. Plaintiff claims that since 2012, he has been denied surgery for cataracts that he now has in both of his eyes. Plaintiff sues Defendant Kevin Childers, in his individual capacity, for money damages for violating Plaintiff's rights under the Eighth Amendment and Illinois tort law. Plaintiff sues Defendant Godinez, in his official capacity, for injunctive relief.

### Merits Review Under 28 U.S.C. § 1915A

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state

1

a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility."  *Id*. at 557.  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.  At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).  The complaint survives preliminary review under this standard.

### The Complaint

According to the complaint, Plaintiff began suffering from severe eye pain and blurred vision in late 2012 (Doc. 1, p. 5).  On December 5, 2012, an eye doctor at Centralia, Defendant Childers, examined Plaintiff and diagnosed him with a cataract in his right eye.  Plaintiff claims that this cataract prevents him from seeing anything out of his right eye.

The complaint goes on to allege that Plaintiff is also losing vision in his left eye, and he attributes this to the formation of a left eye cataract. Along with the vision loss, Plaintiff has suffered from headaches, a loss of depth perception, and related falls and injuries. He can no longer read or study.

Defendant Childers has denied Plaintiff's requests for cataract surgery. Plaintiff has submitted requests for surgery since January 2013 (Doc. 1, p. 10). On May 1, 2013, Defendant Childers told Plaintiff that he would not be eligible for surgery until he was "100% blind in both [of] his eyes" (Doc. 1, p. 5). Plaintiff's subsequent requests for surgery have been denied.

Plaintiff has notified numerous officials at Centralia about his need for cataract surgery. These officials include the health care unit ("HCU") administrator, assistant warden,[1] and Defendant Godinez. In written correspondence, grievances, and appeals, Plaintiff has explained that Defendant Childers refuses to refer him to an outside specialist or ophthalmologist for eye surgery. All individuals have instead chosen to defer to the judgment of Defendant Childers on this issue.

Plaintiff claims that his rights have been violated under the Eighth Amendment and Illinois negligence law. In addition to an Eighth Amendment and Illinois medical negligence claim, Plaintiff also raises a claim for intentional infliction of emotional distress, based on the humiliation, mental anguish, and distress he has endured in connection with his vision loss. He sues Defendant Childers, in his individual capacity, for monetary damages. He also names Defendant Godinez, in his official capacity, for injunctive relief in the form of an order for immediate eye surgery at an outside hospital (Doc. 1, p. 6).

---

[1] The complaint does not identify the assistant warden or the HCU administrator with specificity or name either individual as a defendant in this action.

3

<u>Discussion</u>

After reviewing the allegations in detail, the Court finds it convenient to divide the complaint into the following three counts:

**COUNT 1:** **Defendants displayed deliberate indifference to Plaintiff's serious medical needs when they denied his requests for cataract surgery;**

**COUNT 2:** **Defendants violated Illinois negligence law by failing to adequately treat Plaintiff's cataracts; and**

**COUNT 3:** **Defendants caused the intentional infliction of emotional distress under Illinois state law, when they denied Plaintiff's requests for cataract surgery.**

The designation of these Counts should not be construed as an opinion on their merits.

**Count 1 – Deliberate Indifference to Medical Needs**

The complaint articulates a viable Eighth Amendment claim (**Count 1**) for deliberate indifference to medical needs against Defendant Childers, in his individual capacity, for money damages; Plaintiff shall also be allowed to proceed with his request for injunctive relief against Centralia's current warden, in his official capacity.

The Eighth Amendment to the United States Constitution protects prisoners from cruel and unusual punishment. *See Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010). The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment in violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*).   To state a claim, a prisoner must show that the: (1) medical condition was objectively serious, and; (2) state officials acted with deliberate indifference to the prisoner's

health or safety, which is a subjective standard.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001).

The Seventh Circuit has held that a medical need is "serious" where it has either "been diagnosed by a physician as mandating treatment" or where the need is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997).  The Seventh Circuit has also recognized that vision loss associated with cataracts meets this standard.  *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009).   Moreover, when the failure to treat a condition could "result in further significant injury or the unnecessary and wanton infliction of pain," the condition is sufficiently "serious" to support an Eighth Amendment claim.  *Id.*  According to the complaint, Plaintiff was formally diagnosed with a right eye cataract in December 2012, and he has since suffered from pain and vision loss in his left eye that is allegedly associated with a left eye cataract.  These allegations suggest that Plaintiff's medical condition is serious.

With regard to the subjective standard, the complaint must "demonstrate that prison officials acted with a 'sufficiently culpable state of mind.'"  *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)).  This state of mind is deliberate indifference.  Deliberate indifference is established when prison officials "know of and disregard an excessive risk to inmate health" by being "'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists'" and "'draw[ing] the inference.'"  *Greeno*, 414 F.3d at 653 (quoting *Farmer*, 511 U.S. at 834).  At this stage, the complaint states a deliberate indifference claim against Defendant Childers, in his individual capacity, for denying Plaintiff adequate medical care for his cataracts.

5

Plaintiff shall also be allowed to proceed against Centralia's current warden, in his or her official capacity, based solely on Plaintiff's request for injunctive relief. Plaintiff named Defendant Godinez in connection with this request for relief. However, Centralia's current warden is the more appropriate party.  Plaintiff is housed at Centralia, and this is where the alleged constitutional violations occurred.  The complaint contains no indication that Plaintiff will soon be transferred from that prison.  Under the circumstances, Centralia's current warden is in the best position to carry out any injunctive relief. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (in a civil rights action seeking injunctive relief based on a claim of inadequate medical treatment under the Eighth Amendment, warden of state prison was the proper defendant).  The Clerk shall be directed to add Centralia's current warden as a party, in his or her official capacity only, based solely on this request for relief.

Defendant Godinez shall be dismissed.  Plaintiff named this defendant as a party, in his official capacity only, based solely on Plaintiff's request for injunctive relief.  The Court is allowing Plaintiff to proceed against Centralia's current warden instead.  Further, no allegations in the complaint suggest that Plaintiff has an individual capacity claim against Defendant Godinez.  By all indications, he had no involvement whatsoever in Plaintiff's care or treatment, but instead signed off on responses to Plaintiff's grievance(s) (Doc. 1, p. 12).  The fact that a counselor, grievance officer, or even a supervisor received a complaint about the actions of another individual does not create liability.  In order to be held individually liable, a defendant must be "personally responsible for the deprivation of a constitutional right."  *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)).  *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).  This is

because the doctrine of *respondeat superior* does not apply to actions filed under Section 1983. *See, e.g., Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008).  Furthermore, if a prisoner is under the care of prison medical professionals, non-medical prison officials "will generally be justified in believing that the prisoner is in capable hands." *Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011) (quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004)).  "A layperson's failure to tell the medical staff how to do its job cannot be called deliberate indifference; it is just a form of failing to provide a gratuitous rescue service." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009).

In summary, Plaintiff shall be allowed to proceed with **Count 1** against Defendant Childers, in his individual capacity, and Centralia's current warden, in his or her official capacity.  However, this claim (**Count 1**), as well as all other claims (**Counts 2** and **3**), shall be dismissed against Defendant Godinez, based on a lack of allegations suggesting that he was directly involved in any care or treatment decisions related to Plaintiff.

### Illinois State Law Claims

Plaintiff also asserts two claims under Illinois state law, including a medical negligence claim (i.e., medical malpractice claim) (**Count 2**) and a claim for intentional infliction of emotional distress (**Count 3**).  Where a district court has original jurisdiction over a civil action such as a Section 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims.  *Wisconsin v. Ho-Chunk Nation,* 512 F.3d 921, 936 (7th Cir. 2008).  "A loose factual connection is generally sufficient." *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (citing *Baer v. First Options of Chicago,*

*Inc.,* 72 F.3d 1294, 1299 (7th Cir. 1995)).  With this in mind, the Court will consider each of Plaintiff's state law claims.

**Count 2 – Medical Negligence**

A defendant can never be held liable under Section 1983 for negligence, or even gross negligence.  *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995); *Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir. 2012).  As the Seventh Circuit has made clear, "medical malpractice in the form of an incorrect diagnosis or improper treatment does not state an Eighth Amendment claim."  *Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1997).  *See also Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996) ("Mere negligence or even gross negligence does not constitute deliberate indifference.").

However, the Court has jurisdiction to consider whether a negligence claim has been stated under Illinois state law pursuant to 28 U.S.C. § 1367.  Under Illinois law, a plaintiff "[i]n any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice," must file an affidavit along with the complaint, declaring one of the following: (1) that the affiant has consulted and reviewed the facts of the case with a qualified health professional who has reviewed the claim and made a written report that the claim is reasonable and meritorious (and the written report must be attached to the affidavit); (2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations, and affiant has not previously voluntarily dismissed an action based on the same claim (and in this case, the required written report shall be filed within 90 days after the filing of the complaint); or (3) that the plaintiff has made a request for records but the respondent has not complied within 60 days of receipt of the request (and in this case the written report shall be filed within 90 days of receipt

of the records). *See* 735 ILL. COMP. STAT. §5/2-622(a) (West 2013).[1] A separate affidavit and report shall be filed as to each defendant, which in this case would be Defendant Childers. *See* 735 ILL. COMP. STAT. § 5/2-622(b).

Failure to file the required certificate/affidavit is grounds for dismissal of the claim. *See* 735 ILL. COMP. STAT. § 5/2-622(g); *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000). However, whether such dismissal should be with or without prejudice is up to the sound discretion of the court. *Sherrod*, 223 F.3d at 614. "Illinois courts have held that when a plaintiff fails to attach a certificate and report, then 'a sound exercise of discretion mandates that [the plaintiff] be at least afforded an opportunity to amend her complaint to comply with section 2-622 before her action is dismissed with prejudice.'" *Id.*; *see also Chapman v. Chandra*, Case No. 06-cv-651-MJR, 2007 WL 1655799, at *4-5 (S.D. Ill. June 5, 2007).

In the instant case, Plaintiff has failed to file the necessary affidavit/certificate and report as it pertains to Defendant Childers. Therefore, the claim in **Count 2** shall be dismissed. However, the dismissal shall be without prejudice at this time, and Plaintiff shall be allowed 35 days (**on or before _____, 2015**) to file the required affidavit. Should Plaintiff fail to timely file the required affidavits, the dismissal of Count 2 shall become a dismissal with prejudice. *See* FED. R. CIV. P. 41(b).

**Count 3 – Intentional Infliction of Emotional Distress**

Under Illinois law, a plaintiff claiming intentional infliction of emotional distress

---

[1] The August 25, 2005, amendments to a prior version of this statute were held to be unconstitutional in 2010. *Lebron v. Gottlieb Mem. Hosp.*, 930 N.E.2d 895 (Ill. 2010) (Holding P.A. 94-677 to be unconstitutional in its entirety). After *Lebron*, the previous version of the statute continued in effect. *See Hahn v. Walsh*, 686 F. Supp. 2d 829, 832 n.1 (C.D. Ill. 2010). The Illinois legislature re-enacted and amended 735 ILL. COMP. STAT. §5/2-622 effective January 18, 2013 (P.A. 97-1145), to remove any question as to the validity of this section. *See* notes on Validity of 735 ILL. COMP. STAT. § 5/2-622 (West 2013).

must demonstrate that the defendant intentionally or recklessly engaged in "extreme and outrageous conduct" that resulted in severe emotional distress. *Somberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1030 (7th Cir. 2006); *see Lopez v. City of Chi.*, 464 F.3d 711, 720 (7th Cir. 2006). The tort has three components: (1) the conduct involved must be truly extreme and outrageous; (2) the actor must either intend that his conduct inflict severe emotional distress, or know that there is at least a high probability that his conduct will cause severe emotional distress; and (3) the conduct must in fact cause severe emotional distress. *McGrath v. Fahey*, 533 N.E.2d 806, 809 (Ill. 1988). To be actionable, the defendant's conduct "must go beyond all bounds of decency and be considered intolerable in a civilized community." *Honaker v. Smith*, 256 F.3d 477, 490 (7th Cir. 2001) (citing *Kolegas v. Heftel Broad. Corp.*, 607 N.E.2d 201, 211 (Ill. 1992); *Campbell v. A.C. Equip. Servs. Corp., Inc.*, 610 N.E.2d 745, 749 (Ill. App. 1993). Whether conduct is extreme and outrageous is judged on an objective standard, based on the facts of the particular case. *Honaker*, 256 F.3d at 490.

The allegations in the complaint do not support a claim for intentional infliction of emotional distress against Defendant Childers or anyone else. On the one hand, the allegations do not suggest that Defendant Childers intended to cause Plaintiff distress when relaying diagnosis and treatment information to Plaintiff, and no subsequent interactions with Defendant Childers are mentioned.[2] On the other hand, the allegations do not suggest that Plaintiff suffered from severe emotional distress; the complaint merely mentions emotional distress and mental anguish in passing. As pleaded, the complaint states no claim under Illinois law for intentional infliction of emotional distress. Therefore, **Count 3** shall be dismissed without prejudice.

---

[2] Moreover, the Court would expect diagnosis and treatment information to cause distress in many patients, who do not want to hear bad news about their health. However, this, alone, does give rise to a claim for intentional infliction of emotional distress.

**Request for Injunctive Relief**

In his prayer for relief, Plaintiff requests "immediate" surgery, among other things. He also seeks injunctive relief. He does not mention a temporary restraining order ("TRO") or a preliminary injunction. He did not file a separate motion for more immediate relief under Federal Rule of Civil Procedure 65. Should Plaintiff seek this sort of emergency relief, he will need to clearly request it in a separate motion filed pursuant to Rule 65 in this action. He is free to file this motion at any time while the action is pending.

If he chooses to do so, Plaintiff should be mindful of the differences between these two types of relief. A TRO can be issued without notice to the party to be enjoined, but it may last no more than fourteen days. FED. R. CIV. P. 65(b)(2). Further, a TRO may issue without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate or irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FED. R. CIV. P. 65(b)(1)(A). Such injunctive relief is also warranted "to prevent a substantial risk of serious injury from ripening into actual harm." *Farmer v. Brennan*, 511 U.S. 825, 845 (1994).

In contrast, a preliminary injunction is issued only after the adverse party is given notice and an opportunity to oppose the motion. FED. R. CIV. P. 65(a)(1). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). *See also Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999). Because Plaintiff failed to make any request for immediate

11

relief in a separate motion that explains why it is warranted, the Court cannot fully analyze

Plaintiff's request or rule on it at this time.

## Pending Motion

Plaintiff's motion for service of process at government expense (Doc. 3) is

**GRANTED in part**, with regard to Defendant Childers and Centralia's current warden, and

**DENIED in part**, with regard to Defendant Godinez.

## Disposition

The **CLERK** is **DIRECTED** to add the following Defendant to this action:

**CENTRALIA CORRECTIONAL CENTER'S CURRENT WARDEN (official capacity
only)**.

**IT IS HEREBY ORDERED** that **SALVADOR GODINEZ** is dismissed with

prejudice from this action.

**IT IS ORDERED** that **COUNTS 2** and **3** are **DISMISSED without prejudice**

for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that as to the medical negligence

(i.e., medical malpractice) claim in **COUNT 2** against Defendant **DR. CHILDERS**, Plaintiff

shall file the required affidavit pursuant to 735 ILL. COMP. STAT. § 5/2-622, within 35 days of

this order **(on or before January 20, 2015)**.  Further, Plaintiff shall timely file the required

written report of a qualified health professional, in compliance with § 5/2-622.  Should Plaintiff

fail to timely file the required affidavit or report, **COUNT 2** shall be dismissed with prejudice.

**AS TO COUNT 1**, the Clerk of Court shall prepare for

**DEFENDANTS CHILDERS** and **CENTRALIA'S CURRENT WARDEN**: (1) Form 5

(Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of

Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ALSO ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to **United States Magistrate Judge Williams** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding the fact that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 15, 2014**

s/ **MICHAEL J. REAGAN**
**U.S. Chief District Judge**

14